**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | Case No. 19 B 33286 |
| ) | |
| Dmatreze T Johnson ) | |
|   dba D Trucking 88 LLC ) | |
| ) | Chapter 7 |
|           Debtor. ) | Hon. David D. Cleary |
| ) | |
| ) | |
| Navy Federal Credit Union, ) | |
|           Plaintiff. ) | |
| ) | |
|       vs. ) | Adversary Case No. _____ |
| Dmatreze T Johnson ) | |
|   dba D Trucking 88 LLC ) | |
|           Defendants. ) | |

**COMPLAINT FOR OBJECTION TO
DISCHARGE AND NON-DISCHARGEABILITY**

COMES NOW, Plaintiff, Navy Federal Credit Union, by its attorneys, Anselmo Lindberg and Associates, and for its Complaint for Objection to Discharge and Non-Dischargeability (the "Complaint") against Debtor-Defendant, Dmatreze T Johnson dba D Trucking 88 LLC ("Debtor," "Defendant" or "Johnson"), states to the Court as follows:

1. Johnson filed for relief under Chapter 13 on November 22, 2019. This case was converted to a Chapter 7 on January 13, 2020. Plaintiff is an unsecured creditor of Debtor.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §727(a), 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(2)(C). This is a core proceeding.

3. Johnson had three (3)Credit Card Agreements with Navy Federal Credit Union.

1

4. On September 19, 2019, Johnson used his American Express credit card ending in 5457 and took out a cash advance for $4,500.00. He also made a purchase at Best Buy of $4,296.21 for luxury goods. <u>See</u> Account Statement attached hereto as Exhibit A and incorporated herein by this reference.

5. On September 23, 2019, Johnson used his Visa Signature Cash Rewards credit card ending in 5907 to purchase $4,422.68 worth of luxury goods at Best Buy and took out another cash advance of $4,400.00. <u>See</u> Account Statement attached hereto as Exhibit B and incorporated herein by this reference.

6. Also on September 20, 2019, Johnson used his Visa Platinum Credit Card ending in 2542 to purchase $2,985.10 of luxury goods at Saks Chicago. <u>See</u> Account Statement attached hereto as Exhibit C and incorporated herein by this reference.

7. Approximately two months after taking out cash advances totaling $8,900.00 and purchasing luxury goods for $11,703.99, Johnson filed this instant bankruptcy.

8. Further, all three accounts had payment reversals totaling $29,100.00 around the same time as the transactions were made.

9. Plaintiff relied on Johnson's guarantees and assurances that regarding his intention and promise of payment and his payment history in extending credit to Debtor.

10. Johnson's use of the credit card accounts was a representation that he had the means and intention to pay for the cash advances taken and purchases made.

11. At all relevant times herein, Johnson was, upon information and belief, insolvent.

12. Pursuant to 11 U.S.C. §727(a)(2) discharge should be denied if the Johnson defrauded a creditor within one year before the date of filing the bankruptcy.

13. Pursuant to 11 U.S.C. §523(a)(2)(A), the debt owed to Plaintiff by Johnson should not be discharged as the debts represent money, property, services, or an

extension, renewal, or refinancies of credit, obtained by false pretenses, a false representation, or actual fraud, other than a statement resepcting the Debtor's or an insider's financial conditions.

14. Further, Section 523(a)(2)(C) of the Bankruptcy Code provides, in relevant part, that "(I) consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief … are presumed to be nondischargeable …." 11 U.S.C. §523(a)(2)(C) (West 2014).

15. Johnson benefited from almost $50,000.00 from the Plaintiff approximately two months before filing this instant bankruptcy.

16. Plaintiff has suffered damages in the sum of approximately $50,000.00, plus interest at the Contracts rates and associated attorney's fes and costs, incurred as a direct and prixmate result of Johnon's conduct as set forth herein.

17. Johnson's conduct constitutes a violation of Section §727(a)(2) of the Bankrutpcy Code and, therefore, he should not receive a discharge or any of his debts.

18. At the very least, Johnson's conduct constitutes a violation of Sections §523(a)(2)(A) and §523(a)(2)(C) of the Bankrutpcy Code and, therefore, redners any and all debts due and owing to Navy Fedearl Credit union by him nondischargeable.

**WHEREFORE**, Plaintiff, NAVY FEDERAL CREDIT UNION., respectfully requests that the Court enter an Order as follows:

A. Determining that Johnson is not eligible for a Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(2),

B. Determining that the debt owed to Navy Federal Credir Union by Debtor-Defendant, Dmatreze T Johnson, in the sum of approximately $50,000.00 plus

3

        interest at the Contract rate and associated attorneys' fees and costs is nondischargeable is nondischargeable pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C) and,

C. For such other, further and different relief as the Court deems just and proper.

Dated: 03/23/2020

                            Respectfully submitted,

                            Navy Federal Credit Union

                            __/s/ Nisha B. Parikh_____

Nisha B. Parikh | ARDC #6298613
Crystal V. Caceres | ARDC #6300765
Theodore Konstantinopoulos | Ohio Bar #0065542
Anselmo Lindberg & Associates LLC
1771 W. Diehl Rd., Ste. 120
Naperville, IL 60563-4947
630-453-6960 | 866-402-8661 | 630-428-4620 (fax)
ILbankruptcy@dallegal.com
**THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR.**